IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY<br>1255 Fourier Drive, Suite 500<br>Madison, WI  53717<br><br>        Plaintiff<br><br>   -vs-<br><br>NATURAL REMEDIES MASSAGE, LLC<br>323 S. Broad St., Ste. 1st<br>Lancaster, Ohio  43130<br><br>        and<br><br>BROAD ST PROPERTY LLC<br>323 S. Broad St., Ste 1st<br>Lancaster, Ohio 43130<br><br>        and<br><br>HOLLIE ANESHANESLY<br>726 Washington Avenue<br>Lancaster, Ohio 43130<br><br>        and<br><br>MATTHEW SCHAITEL<br>1500 Jennifer Lane<br>Lancaster, Ohio  43130<br><br>        and<br><br>JANE DOE 1<br>C/O Mote Law Firm LLC<br>1350 W. 5th Avenue, Suite 330<br>Columbus, Ohio 43212<br><br>and | CASE NO. 2:22-cv-3578<br><br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

JANE DOE 2
C/O Mote Law Firm LLC
1350 W. 5th Avenue, Suite 330
Columbus, Ohio 43212

and

JANE DOE 3
C/O Mote Law Firm LLC
1350 W. 5th Avenue, Suite 330
Columbus, Ohio 43212

and

JANE DOE 4
C/O Mote Law Firm LLC
1350 W. 5th Avenue, Suite 330
Columbus, Ohio 43212

and

JANE DOE 5
C/O Mote Law Firm LLC
1350 W. 5th Avenue, Suite 330
Columbus, Ohio 43212

and

JANE DOE 6
C/O Mote Law Firm LLC
1350 W. 5th Avenue, Suite 330
Columbus, Ohio 43212

and

JANE DOE 7
C/O Mote Law Firm LLC
1350 W. 5th Avenue, Suite 330
Columbus, Ohio 43212

and

JANE DOE 8
C/O Mote Law Firm LLC
1350 W. 5th Avenue, Suite 330
Columbus, Ohio 43212

and

JANE DOE 9
C/O Mote Law Firm LLC
1350 W. 5th Avenue, Suite 330
Columbus, Ohio 43212

and

JANE DOE 10
C/O Mote Law Firm LLC
1350 W. 5th Avenue, Suite 330
Columbus, Ohio 43212

and

JANE DOE 11
C/O Mote Law Firm LLC
1350 W. 5th Avenue, Suite 330
Columbus, Ohio 43212

    Defendants

Now comes Plaintiff, West Bend Mutual Insurance Company (hereinafter "West Bend"), by and through counsel, and for its Intervening Complaint against Defendants states as follows:

**PARTIES**

1. This is an action for declaratory judgment brought pursuant to 28 U.S.C. §2201, et seq., and Federal Rule of Civil Procedure 57.

2. West Bend is a corporation duly organized and existing under the laws of the state of Wisconsin and licensed to do business in the State of Ohio.

3. Natural Remedies Massage LLC ("NRM") is an Ohio limited liability company with its principal place of business located at 323 S. Broad St., Ste 1st, Lancaster, Ohio 43130.

4. Broad St Property LLC ("BSP") is an Ohio limited liability company with a principal place of business located at 323 S. Broad St., Lancaster, Ohio 43130.

5. Upon information and belief, Hollie Aneshanesly is a/the principal officer of both NRM and BSP.

6. West Bend issued to "Natural Remedies Massage LLC" various, successive general liability policies in effect for different time periods between 2019 and 2021.

7. West Bend issued to "Broad St Property LLC" one policy in effect beginning April, 2021.

8. Matthew Schaitel is a resident of the State of Ohio and was an independent contractor retained by NRM.

9. Jane Does 1 through 11 are residents of the State of Ohio who sought services from NRM in Lancaster, Fairfield County, Ohio, and are the Plaintiffs in the Underlying Litigation identified in paragraph 14, *et seq.,* below, and as such are necessary "interested parties" for the purposes of the Declaratory Judgment action.

10. The actions and/or inactions giving rise to the Underlying Litigation referenced in the Complaint occurred in Fairfield County, Ohio.

**JURISDICTION AND VENUE**

11. West Bend hereby adopts and incorporates by reference each and every allegation contained in Paragraphs Nos. 1 through 10, above, as if fully restated herein.

12. This Court has diversity jurisdiction over the parties in this case pursuant to 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

13. Venue is proper in the Southern District of Ohio pursuant to 28 USC 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in Fairfield County, State of Ohio.

14. West Bend seeks a declaratory judgment in this action that it is not required to defend nor to indemnify Defendants NRM, BSP, Hollie Aneshanesly and/or Matthew Schaitel under the applicable West Bend policy(ies) as to the claims of Jane Does 1-11 (hereinafter collectively "the Underlying Plaintiffs") asserted against Defendants NRM, BSP, Hollie Aneshanesly and Matthew Schaitel in Fairfield County Court of Common Pleas Case No. 2021 CV 00260, captioned *Jane Does 1-3 v. Natural Remedies Massage, LLC, et al.* and Case No. 2021 CV 00525, captioned *Jane Does 4-8, et al. v. Natural Remedies Massage, LLC, et al.* (hereinafter jointly "the Underlying Litigation"), filed and currently pending in the Court of Common Pleas, Fairfield County, Ohio.

**FACTUAL BACKGROUND**

15. West Bend hereby adopts and incorporates by reference the above paragraphs Nos. 1 through 14, inclusive, as if fully restated herein.

16. West Bend issued to "Natural Remedies Massage LLC" various, successive general liability policies in effect for different time periods between 2019 and 2021.

17. Policy No. A109200-03 was issued to "Natural Remedies Massage LLC" and in effect January 6, 2019 to September 26, 2019, having been cancelled as of September 26, 2019 for non-payment (hereinafter "NRM WB Policy A"). A certified copy of this West Bend Policy is attached hereto as Exhibit A, and the

5

documentation confirming the cancellation for non-payment is included in the Affidavit of Paige Ruka, attached hereto as Exhibit F.

18. West Bend had no coverage in effect for NRM September 26, 2019 to October 2, 2019.

19. Policy No. A682310-0 was issued to "Natural Remedies Massage LLC" and in effect October 3, 2019 to October 3, 2020 (hereinafter "NRM WB Policy B"). A certified copy of this West Bend Policy is attached hereto as Exhibit B.

20. Policy No. A682310-1 was issued to "Natural Remedies Massage LLC" and in effect October 3, 2020 to December 26, 2020, having been cancelled as of December 26, 2020, for non-payment (hereinafter "NRM WB Policy C"). A certified copy of this West Bend Policy is attached hereto as Exhibit C, and the documentation confirming the cancellation for non-payment is included in the Affidavit of Paige Ruka, attached hereto as Exhibit F.

21. West Bend had no coverage in effect for NRM December 26, 2020 to January 3, 2021.

22. Policy No. A873225-0 was issued to "Natural Remedies Massage LLC" and in effect January 4, 2021 to January 4, 2022(hereinafter "NRM WB Policy D"). A certified copy of this West Bend Policy is attached hereto as Exhibit D.

23. West Bend issued to "Broad St Property LLC" one policy, Policy No. A761617-00, in effect April 29, 2020 to April 29, 2021. (hereinafter "BSP WB Policy"). A certified copy of this West Bend Policy is attached hereto as Exhibit E.

24. On or around June 11, 2021, Underlying Plaintiffs Jane Does 1-3 filed a Complaint against various Defendants, including NRM, BSP, Hollie Aneshanesley, and

6

Matthew Schaitel, in the Court of Common Pleas, Fairfield County, Ohio, under Case No. 2021 CV 00260. A copy of this Complaint is attached hereto as Exhibit G (hereinafter individually referred to as "Underlying Complaint 21CV00260").

25. On or around November 15, 2021, Underlying Plaintiffs Jane Does 4-8 filed a Complaint against various Defendants, including NRM, BSP, Hollie Aneshanesly and Matthew Schaitel, in the Court of Common Pleas, Fairfield County, Ohio, under Case No. 2021 CV 00525. A copy of this Complaint is attached hereto as Exhibit H (hereinafter individually referred to as "Underlying Complaint 21CV00525").

26. On or about March 15, 2022, upon motion granted by the court, an Amended Complaint was filed in Case No. 2021 CV 00525 to join to the suit as Plaintiffs Jane Does 9-11. A copy of this Amended Complaint in Case No. 2021 CV 00525 is attached hereto as Exhibit I (hereinafter individually referred to as "Amended Underlying Complaint 21CV00525").

27. The Complaints (and Amended Complaint(s)) in Fairfield County Common Pleas Case Nos. 21 CV 00260 and 21 CV 00525, encompassing the claims of Janes Does 1-11, are hereinafter jointly referred to as the "Underlying Complaints".

28. These Underlying Complaints assert claims against the Defendants therein for damages sustained by the Underlying Plaintiffs, Jane Does 1-11, alleged to have resulted from being inappropriately touched on various occasions during massages given by Matthew Schaitel ("Schaitel"). The dates alleged to be incidents for each underlying plaintiff are as follows:

   a. Jane Doe 1    -    March 26, 2021
   b. Jane Doe 2    -    "1 occasion in December, 2020"

    c. Jane Doe 3 - "3 occasions between November, 2020, and January, 2021"

    d. Jane Doe 4 - July 15, 2019

    e. Jane Doe 5 - November 12, 2019

    f. Jane Doe 6 - "1 occasion in February, 2020"

    g. Jane Doe 7 - March 22, 2021

    h. Jane Doe 8 - "3 occasions in March, 2021"

    i. Jane Doe 9 - 3 occasions: October 9, 2020; November 7, 2020; and December 3, 2020

    j. Jane Doe 10 - March 6, 2021

    k. Jane Doe 11 - January 2, 2021.

29. The Underlying Complaints claim that Matthew Schaitel is liable to Jane Does 1-11 for sexual battery, gross negligence for his sexual assault and abuse, intentional infliction of emotional distress, false imprisonment, and invasion of privacy through unwanted and offensive sexual contact.

30. The Underlying Complaints claim that NRM and its owner, Hollie Aneshanesly, knew or should have known that Schaitel created a risk to female patrons but continued to employ him and represent that he was a licensed massage therapist competent to provide services.

31. The Underlying Complaints specifically allege that NRM is liable for negligent supervision and retention of Schaitel, respondeat superior or vicarious liability, negligent business operations for failure to implement policies to prevent sexual abuse, and negligent failure to provide security for guests.

8

32. The Underlying Complaints specifically allege that BSP is liable as the owner of the property at 323 S Broad St., Lancaster, Ohio, which is the property where NRM operated its facility, and that BSP failed to adequately provide security measures to ensure the safety of business invitees while on their premises, and failed to ensure that Schaitel and Aneshanesley were licensed to provide massage therapy services and otherwise follow that standard of care, and failed to provide a reasonably safe condition for patrons at NRM.

33. The Underlying Complaints allege that NRM, BSP, Hollie Aneshanesley and Matthew Schaitel are liable for both compensatory and punitive damages.

34. The West Bend Policies for NRM (NRM WB Policies attached as Exhibits A – D) provide CGL coverage for its insureds, which are defined, since designated in the Declarations as a limited liability company, as "you [NRM] are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers."

35. The West Bend Policies for NRM (NRM WB Policies attached as Exhibits A – D) provide that West Bend will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage "to which this insurance applies", and further provides that West Bend will have no duty to defend the insured against any suit seeking damages to which this insurance does not apply.

36. The West Bend Policies for NRM (NRM WB Policies attached as Exhibits A – D) further provide that this insurance applies to bodily injury or property damage only if it is caused by an occurrence that occurs during the policy period.

37. "Occurrence" is defined by the West Bend Policies for NRM (NRM WB Policies attached as Exhibits A – D) as meaning "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

38. The West Bend Policies for NRM (NRM WB Policies attached as Exhibits A – D) contain an exclusion to coverage for "expected or intended injury."

39. The West Bend Policies for NRM (NRM WB Policies attached as Exhibits A – D) contain an exclusion to coverage for "professional services", which specifically includes services rendered "in violation of… any law; or rule or regulation… of any federal, state, municipal or other local government by a person other than you."

40. The West Bend Policies for NRM (NRM WB Policies attached as Exhibits A – D) also include a "Physical Abuse and Sexual Molestation Endorsement" providing coverage for claims of "sexual molestation" arising out of the negligent employment, investigation, supervision, reporting to proper authorities and retention of any person for whom the insured is legally responsible."

41. That same "Physical Abuse and Sexual Molestation Endorsement" provides that this insurance does not apply for any person who committed or attempted to commit, participated in, directed, knowingly allowed, or failed to take action to prevent recurrence after having knowledge of any act of "physical abuse", "mental injury", or sexual molestation.

42. That same "Physical Abuse and Sexual Molestation Endorsement" provides that if, during the course of litigation, it is determined that any person otherwise insured by this policy committed, attempted to commit, participated in, directed, knowingly

10

allowed or failed to prevent recurrence after having knowledge of any act of "sexual molestation", then that person would not be covered.

43. That same "Physical Abuse and Sexual Molestation Endorsement" also provides that for purposes of applicable limits of insurance, multiple incidents of "physical abuse" to one person "shall be deemed to be one occurrence and shall be subject to the limits in effect at the time of the first incident, even if some of such incidents take place after the expiration of the policy."

44. The West Bend Policy for BSP (BSP WB Policy attached hereto as Exhibit E) provides CGL coverage for its insureds, which are defined as, since designated in the Declarations as a limited liability company, "you [BSP] are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers."

45. The BSP WB Policy provides that West Bend will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage "to which this insurance applies", and further provides that West Bend will have no duty to defend the insured against any suit seeking damages to which this insurance does not apply.

46. The BSP WB Policy further provides that this insurance applies to bodily injury or property damage only if it is caused by an occurrence that occurs during the policy period, and that prior to the policy period, no insured authorized by you to give or received notice of an "occurrence" or claim, knew that the bodily injury or property damage had occurred, and if such a listed insured or authorized employee knew, prior to the policy period, that such bodily injury had occurred, then any

11

continuation, change or resumption of such bodily injury during or after the policy period will be deemed to have been known prior to the policy period.

47. "Occurrence" is defined by the BSP WB Policy as meaning "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

48. The BSP WB Policy contains an exclusion entitled "Abuse or Molestation Exclusion" which excludes coverage for any claims for bodily injury arising out of the actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or for the negligent employment, investigation, supervision, reporting (or failure to report) to the proper authorities, or retention of a person for whom any insured is legally responsible.

49. The BSP WB Policy also excludes coverage for any bodily injury arising out of "any and all tenant operations", such that West Bend provides coverage only for liability that BSP may have arising out of its own operations; there is no coverage arising out of any operations of any tenant of BSP, including NRM.

50. NRM, BSP, Hollie Aneshanesly, and Matthew Schaitel requested that West Bend provide a defense and defend them pursuant to the West Bend Policies in conjunction with the claims asserted against them in the Underlying Lawsuits.

51. West Bend seeks a declaratory judgment in this action that it is not required to defend nor to indemnify NRM, BSP, Hollie Aneshanesley, or Matthew Schaitel against the claims asserted against them in the Underlying Litigation, pursuant to the terms of the West Bend Policies.

**COUNT I – DECLARATORY JUDGMENT**
**(as to NATURAL REMEDIES MASSAGE LLC)**

52. West Bend hereby adopts and incorporates the above paragraphs Nos. 1 through 51, inclusive, as if fully restated herein.

53. The activities alleged do not constitute an "occurrence" as defined in the NRM WB Policy.

54. To the extent that NRM had any prior or ongoing knowledge of other or recurrent complaints and/or allegations about Matthew Schaitel, as alleged by the Underlying Plaintiffs in the Underlying Complaints (Defendants, Janes Does 1-11 herein), any alleged actions and/or inactions by NRM would not constitute an "occurrence" and would be additionally be excluded by the "expected or intended injury" exclusion.

55. To the extent that any actions of NRM with respect to any services rendered were in violation of any law, rule, or regulation, there is no coverage for the claims herein.

56. To the extent that NRM or any other principal or employee of NRM was involved in, including, but not limited to Hollie Aneshanesley or Matthew Schaitel, knowingly allowed, or failed to take any action to prevent recurrence after having knowledge of any act of physical abuse, as alleged by the Underlying Plaintiffs in the Underlying Complaint (Defendants, Jane Does 1-11 herein), there is no coverage.

57. There is no coverage for the claims of any Underlying Plaintiff, including specifically Jane Doe 11, which arise from incidents alleged to have occurred on a date(s) when there was no insurance coverage in place for NRM.

**COUNT II – DECLARATORY JUDGMENT**
**(as to BROAD ST PROPERTY LLC)**

58. West Bend hereby adopts and incorporates the above paragraphs Nos. 1 through 57, inclusive, as if fully restated herein.

59. The activities alleged do not constitute an "occurrence" as defined in the BSP WB Policy.

60. There is no coverage for any claim for bodily injury caused by an "occurrence" prior to the policy term.

61. There is no coverage for the claims of any Underlying Plaintiff, including specifically those asserted by Jane Doe 4, Jane Doe 5, and Jane Doe 6, which arise from incidents which occurred prior to the effective date of the BSP WB Policy term.

62. There is no coverage available under the BSP WB Policy because the claims at issue arise out of BSP's tenant's operations (e.g. the operations of NRM) and are therefore excluded from coverage under the BSP WB Policy.

63. To the extent that BSP purportedly has liability because the Underlying Plaintiffs, Jane Does 1-11, Matthew Schaitel, or any other pertinent person were somehow in the "care, custody, or control" of BSP or any BSP insured, coverage is excluded for any damages arising out of any actual or threatened abuse or molestation pursuant to the Abuse or Molestation Exclusion of the BSP WB Policy.

**COUNT III – DECLARATORY JUDGMENT**
**(as to HOLLIE ANESHANESLEY)**

64. West Bend hereby adopts and incorporates the above paragraphs Nos. 1 through 63, inclusive, as if fully restated herein.

65. To the extent that Hollie Aneshanesley had any prior or ongoing knowledge or constructive knowledge of other or recurrent complaints and/or allegations about Matthew Schaitel, as alleged by the Underlying Plaintiffs (Defendants, Jane Does 1-

14

11, herein) in the Underlying Complaints, any alleged actions and/or inactions by Hollie Aneshanesley would not constitute an "occurrence" and would be additionally be excluded by the "expected or intended injury" exclusion.

66. To the extent that any actions of Hollie Aneshanesley with respect to any services rendered were in violation of any law, rule, or regulation, there is no coverage for the claims herein.

67. To the extent that Hollie Aneshanesly (or any other principal or employee of NRM) was involved in, knowingly allowed, or failed to take any action to prevent recurrence after having knowledge of any act of physical abuse, as alleged by the Underlying Plaintiffs (Defendants, Jane Does 1-11, herein) in the Underlying Complaints, there is no coverage.

### COUNT IV – DECLARATORY JUDGMENT
### (as to MATTHEW SCHAITEL)

68. West Bend hereby adopts and incorporates the above paragraphs Nos. 1 through 67, inclusive, as if fully restated herein.

69. Matthew Schaitel is an independent contractor of NRM and is not an "insured" under the provisions of WB NRM Policies, and as such is not entitled to any coverage under those policies.

70. Matthew Schaitel is the alleged wrongful actor, alleged to have personally committed sexual abuse, molestation, assault, intentional infliction of emotional distress, and false imprisonment with respect to each of Jane Does 1-11, none of which would or could constitute an "occurrence" under the terms of the WB NRM Policies.

71. The actions of Matthew Schaitel were intentional and the alleged damages and/or injuries expected and/or intended by him, such that any potential coverage is excluded under the "expected or intended injury" exclusion.

72. To the extent that any actions of Matthew Schaitel with respect to any services rendered were in violation of any law, rule, or regulation, there is no coverage for the claims herein.

73. All allegations as to Matthew Schaitel are that he was actively involved in, primarily perpetrated, committed, attempted to commit, participated in and/or directed the alleged sexual abuse, molestation, abuse, intentional infliction of emotional distress and/or wrongful imprisonment, such that any potential coverage is specifically excluded.

WHEREFORE, West Bend requests judgment in its favor and against the Defendants herein:

(1) On Count I, declaring that West Bend has no duty to defend or indemnify Natural Remedies Massage, LLC, for any of the claims set forth in the Underlying Lawsuits ;

(2) On Count II, declaring that West Bend has no duty to defend or indemnify Broad St Property LLC, for any of the claims set forth in the Underlying Lawsuits ;

(3) On Count III, declaring that West Bend has no duty to defend or indemnify Hollie Aneshanesley for any of the claims set forth in the Underlying Lawsuits ;

(4) On Count IV, declaring that West Bend has no duty to defend or indemnify Matthew Schaitel for any of the claims set forth in the Underlying Lawsuits, and

(5) awarding to West Bend restitution and reimbursement by Natural Remedies Massage, LLC, Broad St Property, LLC, and Hollie Aneshanesley of all attorney's fees and defense costs provided to them up to and through the date of this declaration that no coverage exists under the applicable West Bend Policies for the claims set forth in the Underlying Complaints; and,

(6) any and all other and further relief which this Court deems just and proper.

Respectfully Submitted,

/s/ Christine Carey Steele
CHRISTINE CAREY STEELE (0055288)
JOHN C. SCOTT (0029518)
*Attorneys for West Bend Mutual Insurance Company*
FAULKNER & TEPE, LLP
720 East Pete Rose Way, Suite 300
Cincinnati, Ohio 45202
Telephone:  (513) 421-7500
Facsimile:  (513) 421-7502
Email:  csteele@faulkner-tepe.com
          jscott@faulkner-tepe.com