**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WEST BEND MUTUAL**
**INSURANCE COMPANY,**

**Plaintiff,**

                                           **Civil Action 2:22-cv-3578**
**v.**                                    **Judge Edmund A. Sargus**
                                           **Magistrate Judge Kimberly A. Jolson**

**NATURAL REMEDIES**
**MASSAGE LL, et al.,**

**Defendants.**

**ORDER**

This matter is before the Court on Plaintiff's Motion to Allow Defendants, Jane Does 1-11, to Remain Anonymous and Proceed under Pseudonyms. (Doc. 2). Plaintiff West Bend Mutual Insurance Company ("Plaintiff"), filed a Complaint for Declaratory Judgment on October 5, 2022, seeking a declaration that it does not owe a duty to defend or indemnify Defendants Natural Remedies Massage, LLC; Broad St Property LLC; Holly Aneshanesley; and Matthew Schaitel in two lawsuits pending in the Court of Common Pleas for Fairfield County, Ohio.[1] (Doc. 1). Defendants Jane Does 1-11 are Plaintiffs in the underlying lawsuits, wherein Jane Does 1-11 filed suit against Schaitel alleging various claims including sexual battery, gross negligence, intentional infliction of emotional distress, false imprisonment, and invasion of privacy. (*Id.*, ¶ 29). The Jane Does are not identified in the underlying lawsuits. (*Id.*, ¶ 28.) Plaintiff now seeks leave for Defendants Jane Does 1-11—more aptly, "interested parties" rather than Defendants—to proceed anonymously in the instant matter. (Doc. 2). Defendant asserts that Defendants' Jane Does 1-11 allegations against Defendant Natural Remedies Massage, LLC in the underlying lawsuits involve

---

[1] The underlying lawsuits are entitled *Jane Doe 1 et al vs. Natural Remedies Massage LLC et al,* Case No. 2021 CV 00260 and *Jane Doe 4 et al vs. Natural remedies Massage LLC et al,* Case No. 2021 CV 00525.

sexual assault. Plaintiff has consulted with counsel for Jane Does 1-11, who agree with this request to remain anonymous. For good cause shown, Plaintiff's Motion is **GRANTED**, and Defendants Jane Does 1-11 may proceed in this action with the pseudonyms Jane Does 1-11 in place of their true identities. (Doc. 2).

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse [parties] from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a [party's] privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child]."

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). This case implicates the second *Porter* factor.

The Court is persuaded that disclosure of Defendants Jane Does 1-11 identities would equate to a disclosure of information "of the utmost intimacy." *Porter*, 371 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). In the underlying lawsuits, Defendants Jane Does 1-11 allege sexual battery, gross negligence, intentional infliction of emotional distress, false imprisonment, and invasion of privacy against their former massage therapist, Defendant Schaitel. They are proceeding anonymously in those lawsuits. Courts throughout the country have routinely

2

found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness.  *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously).  Additionally, public interest weighs in favor of allowing Defendants Jane Does 1-11 to proceed anonymously so that other victims will not be deterred from coming forward. *See e.g. Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes").  Under the circumstances, the Court finds compelling reasons to protect Defendants' Jane Does 1-11 privacy and shield them from discrimination and harassment. Therefore, Plaintiff's Motion to Allow Defendants, Jane Does 1-11, to Remain Anonymous and Proceed under Pseudonyms is **GRANTED**.  (Doc. 2).

It is further **ORDERED** that:

(1) Within 10 days of the date of this order, counsel for Defendants Jane Does 1-11 shall disclose their identities to counsel for all other parties who have made an appearance in this matter.

(2) In all publicly-filed documents, Defendants Jane Does 1-11 shall only be identified as such. All documents filed with this Court that contain the full name of Jane Does 1-11, or contain information that identifies them, directly or indirectly, shall be filed under seal.  The filing party must also contemporaneously file a public version with any identifying information redacted.

(3) The parties shall take all other reasonable steps to prevent the true identities of Defendants Jane Does 1-11 from being disclosed.

For the reasons set forth above, Plaintiff's Motion to Allow Defendants, Jane Does 1-11, to Remain Anonymous and Proceed under Pseudonyms is **GRANTED**.  (Doc. 2).

IT IS SO ORDERED.

Date: October 28, 2022                        /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE