IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY | **CASE NO. 2:22-cv-3578** |
| Plaintiff | Judge Edmund A. Sargus, Jr. |
| -vs- | |
| NATURAL REMEDIES MASSAGE, LLC, ET AL. | **WEST BEND'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS** |
| Defendants | |

Now comes Plaintiff, West Bend Mutual Insurance Company (hereinafter "West Bend"), by and through counsel, and submits the following response in opposition to the Motion to Dismiss of Defendants Hollie Aneshanesly, Natural Remedies Massage, LLC ("NRM"), and Broad St Property, LLC ("BSP"). This action for declaratory judgment is properly before this court, Plaintiff West Bend has not failed to state a claim upon which relief can be granted, and this court has subject matter jurisdiction and properly should exercise its discretion pursuant to the Declaratory Judgment Act to address the pending dispute relative to coverage for the underlying claims.

Due to existing disputes, West Bend has appropriately filed this declaratory judgment action seeking a declaration of its rights and duties under the policies of insurance in effect for Natural Remedies Massage, LLC and Broad St Property, LLC, and specifically as to the meaning and application of certain particular terms and provisions of those policies so that both West

1

Bend and the defendants completely understand the meaning and effect of those terms and provisions as applicable to the underlying claims.

## I.     FACTUAL AND PROCEDURAL HISTORY

West Bend provides some clarification below, as the factual and procedural history provided by the moving defendants in the Motion to Dismiss is unfortunately intermingled and intertwined with argument.

Procedurally, West Bend filed the Complaint for Declaratory Judgment Action herein on October 5, 2022, seeking a declaration of rights relative to duty to defend and indemnify for claims asserting in multiple underlying lawsuits pending in the Fairfield County, Ohio Court of Common Pleas, all of which arise out of alleged sexual molestation during massage services provided by Matthew Schaitel to the various Jane Doe defendants on dates between July 15, 2019 and March 26, 2021.  *(ECF #1, Complaint).*  West Bend outlined the background of the underlying litigation and the nature of the existing coverage issues in its Complaint for Declaratory Judgment, including as exhibits to that Complaint (1) the applicable policies of insurance, Exhibits A through E *(ECF #1-2 through 1-6)*; (2) a clarifying Affidavit of Paige Ruka relative to the policies and effective dates, Exhibit F *(ECF #1-7)*;  and the underlying complaints at issue, Exhibits G, H, and I *(ECF #1-8, 1-9, and 1-10)*.

West Bend submits that its Complaint for Declaratory Judgment and the Complaints filed in the Underlying Litigation (all pending in the Fairfield, Ohio Court of Common Pleas) speak for themselves.  The earliest underlying complaint, in Case No. 21-CV-00260, asserts claims on behalf of Jane Does 1-3 and was filed on June 11, 2021. (*ECF #1-8*) The next complaint chronologically, in Case No. 21-CV-00525, asserts claims on behalf of Jane Does 4-8 and was filed on November 9, 2021. (*ECF #1-9*) The third complaint, an amended complaint in Case No.

2

21-CV-00525, adds claims on behalf of Jane Does 9-11 and was approved and filed per order of the court on or about March 15, 2022. (*ECF #1-10*) West Bend itself is not a party to any of the cases pending in the Ohio Common Pleas Court for Fairfield County Ohio, nor do any of the Underlying Complaints raise any issues or claims related to insurance coverage applicable to the claims of Jane Does 1-11. *(See ECF #1-8, 1-9, and 1-10)*.

As noted above, West Bend filed this action on October 5, 2022 (six months after the last of the underlying complaints was filed), and on December 2, 2022, two months after that, Defendants Aneshanesly, NRM, and BSP filed this Motion to Dismiss now pending before the Court. (*ECF #22*) Plaintiff West Bend obtained an extension of time to respond, and is timely filing this response. *(ECF #24)*

Factually, the claims asserted in the Underlying Litigation are claims on behalf of Jane Does 1-11, all which assert claims of injuries and damages as a result of various acts of sexual misconduct by Defendant Matthew Schaitel during massages which occurred between July 15, 2019 and March 26, 2021. The specifics of the dates alleged by each Jane Doe defendant are provided in West Bend's DJ Complaint (*ECF #1, ¶28; See also Exhibits G, H, and I to West Bend's Complaint, ECF #1-8, 1-9, and 1-10*).

The complaints in the Underlying Litigation are functionally identical, with specific additional facts provided for each Jane Doe. Beyond that, however, the claims as asserted against Aneshanesly, NRM, and BSP, are nearly identical. All of the allegations against these defendants assert liability to Jane Does 1-11 based on allegations that the Aneshanesly, NRM, and BSP all "knew or should have known" that Schaitel was unfit or uncompetent to work directly with female clients and posted a risk of sexually harassing, violating, or assaulting them,

3

and that in conjunction with those allegations that Aneshansely, NRM, and BSP bear liability for failing to take reasonable steps to warn and/or protect clients in light of that knowledge.

Further, Janes Does 1-11 allege that Aneshanesly and NRM were on previous notice of Schaitel's misconduct as to all of the Jane Does at least as early as July, 2019, with Jane Doe 4's Complaint.  (See, e.g., ECF #1-8, ₧ 2, 29, 54, 66-67, 68, 76, 97; ECF #1-9, ₧ 2, 99, 102, 106, 114, 135; ECF #1-10, ₧ 2, 32, 163, 175, 196, 244), and that notwithstanding this knowledge, they failed to adequately supervise Schaitel, retained him, failed to implement protections for customers, and thus ratified his conduct.   (ECF #1-8, ₧ 78, 100, 104; ECF #1-9, ₧ 103, 104, 116, 138; ECF #1-10, ₧ 164, 165, 170, 177, 199).  Jane Does 1-11 further allege that "Defendants' acts were intentional, done with malice, and/or showed a deliberate willful, wanton, and reckless indifference to Plaintiffs' rights, for which they are entitled to an award of punitive damages." (ECF #1-8, ₧ 144; ECF #1-9, ₧ 183; ECF #1-10, ₧244).

With respect to the applicable West Bend policies, again, West Bend submits that the policies speak for themselves, and have been provided as Exhibits to its Complaint for Declaratory Judgment.

With respect to NRM, the applicable policies at issue -- Exhibits A-D to West Bend's Complaint for Declaratory Judgment -- all contain a "Physical Abuse and Sexual Molestation Liability Endorsement",[1] which provides in pertinent part:

> *PHYSICAL ABUSE AND SEXUAL MOLESTATION ENDORSEMENT*
>
> *This endorsement modifies insurance provided under the following:*
>
> *BUSINESSOWNERS POLICY*

---

[1] West Bend submits that the applicable policies contain multiple terms and provisions which apply to determine coverage (or the lack thereof) for the claims at issue in the Underlying Litigation, and does not attempt to provide a comprehensive statement of those terms here, as the policies speak for themselves.  West Bend specifically notes here the most applicable terms for consideration, given the arguments presented in the Motion to Dismiss, but submits that each policy must be considered as a whole.

A.  Coverage
1.  Insuring Agreement
*We will pay those sums the insured becomes legally obligated to pay as damages because of "physical abuse", "mental injury" or "sexual molestation" arising out of the negligent:*
*(a) employment;*
*(b) investigation;*
*(c) supervision;*
*(d) reporting to the proper authorities, or failure to so report; or*
*(e) retention of any person for whom the insured is legally responsible.*

2.  Exclusions
*This insurance does not apply to any person who:*
*(a) committed or attempted to commit;*
*(b) participated in;*
*(c) directed;*
*(d) knowingly allowed; or*
*(e) failed to take action to prevent recurrence after having knowledge of any act of "physical abuse", "mental injury", or sexual molestation.  We will defend any insured accused of such conduct until our investigation determines that the accusation is correct.*

*\*\*\**

C.  Definitions:

1.  *"Sexual molestation" means any actual or alleged act, touching, or caressing or suggestion thereof which could be considered sexual and/ or inappropriate.*

*\* \* \**

*All other terms, conditions and exclusions remain unchanged and applicable to this endorsement.*

(ECF #1, 1-2, 1-3, 1-4, 1-5).

With respect to BSP, the applicable policy -- Exhibit E to the West Bend's

Complaint for Declaratory Judgment -- contains in pertinent part the following

exclusion:

*ABUSE OR MOLESTATION EXCLUSION*

*This endorsement modifies insurance provided under the following:*
*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and*

*Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:*

*This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:*

*1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or*

*2. The negligent:*
*a. Employment;*
*b. Investigation;*
*c. Supervision;*
*d. Reporting to the proper authorities, or failure to so report; or*
*e. Retention;*
*of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.*

(*ECF #1, 1-6*).

The BSP policy also includes **Endorsement NS 0044 GL 04 14 Exclusion – Designated Operations**, which excludes coverage for any bodily injury or property damage arising out of "any and all tenant operations":

\* \* \*

*This endorsement modifies insurance provided under the following:*

> *COMMERCIAL GENERAL LIABILITY COVERAGE PART*
> *LIQUOR LIABILITY COVERAGE PART*

*SCHEDULE*

*Description of Designated Operation(s):*
*Any and All Tenant Operations*

*Specified Location (If Applicable):*
*[blank]*

*This insurance does not apply to "bodily injury", "property damage" or medical expenses arising out of the operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.*

*(ECF #1, 1-6).*[2]

## II.   LAW AND ARGUMENT

### A.  West Bend's Complaint is not subject to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

The first argument set forth by Defendants Aneshanesly, NRM, and BSP is that West Bend's Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). This argument appears to be based on these defendants' espoused position that West Bend has a duty to defend given the claims asserted in the underlying litigation as controlled by the applicable policies.

The standard to be applied with respect to such a motion, as set forth by this court in *Mathis v. CWA Local Union 4320 (S.D.Ohio, Aug. 9, 2011), S.D. Ohio No. 2:10-cv-1093, 2011 U.S. Dist. LEXIS 88537, at *4* is as follows:

> Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). **The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.** *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

*(emphasis added)*

---

[2] Again, West Bend submits that the applicable policy for BSP contains multiple terms and provisions which apply to determine coverage (or the lack thereof) for the claims at issue in the Underlying Litigation, and does not attempt to provide a comprehensive statement of those terms here, as the policies speak for themselves.  West Bend is specifically pointing out the most applicable terms for consideration, given the arguments presented in the Motion to Dismiss, but submits that the policy must be considered as a whole.  Notably, Defendants Aneshanesly, NRM, and BSP, in their Motion to Dismiss, fail to discuss the terms and provisions of the BSP Policy at all, and only reference the NRM Policies, which NRM Policies are irrelevant to any potential coverage for BSP or Aneshanesly in her capacity as a principal or officer of BSP.

First and foremost, there must be separate considerations made with respect to the NRM policies and the BSP policy, as those policies are different and contain different provisions.

### 1. Broad St Property LLC

With respect to the BSP policy, the moving defendants herein failed to assert or consider the BSP policy provisions at all, and as such, the motion to dismiss for failure to state a claims as to BSP (and Aneshanesly in her capacity as a principal and/or officer of BSP) must necessarily fail. The BSP policy contains a Sexual Abuse or Molestation Exclusions which bars coverage for the "**actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured,**" or for the negligent employment, investigation, supervision, reporting to the proper authorities, or failure to so report, or retention of a person for whom any insured is or ever was legally responsible. The BSP policy also contains an exclusion of coverage for any claims for bodily injury arising out of "any and all tenant operations."

The claims asserted against BSP in the Underlying Litigation all arise out of tenant operations by NRM, which is a tenant in the building owned by BSP, as Jane Does 1-11 were all customers and/or clients of NRM who received massage services by Defendant Matthew Schaitel who was an independent contractor (or alleged potential employee ) of NRM. Moreover, the claims asserted against BSP are for bodily injury for or from the "actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured" or for the negligent investigation, supervision, reporting to the proper authorities or failure to so report of a person for whom any insured is or ever was legally responsible. If BSP bears liability and is somehow legally responsible for the actions of Matthew Schaitel and/or NRM and/or Aneshanesly relative to the alleged sexual abuse of Jane Does 1-11 while obtaining services from Schaitel, NRM, or Aneshanesly, there is no coverage. There is, at a minimum, a question and/or dispute as to whether the exclusion applies, which is the reason for

West Bend's request for relief in the form of declaratory judgment, and why the moving defendants Motion to Dismiss should be denied.

### 2. Natural Remedies Massage LLC

Moving on to the allegations relative to NRM (and Aneshanesly in her capacity as a principal and/or officer of NRM), the moving defendants' Motion to Dismiss must likewise fail.

With respect to the Physical Abuse and Sexual Molestation Endorsement, while there is coverage for the negligent employment, investigation, supervision, reporting to the proper authorities or failure to so report, or retention of any person for whom the insured is responsible, that coverage extended by the endorsement does NOT apply to any person who participated in, directed, knowingly allowed, reported to the proper authorities or failure to so report, or "failing to take action to prevent recurrence after having knowledge of any act of "physical abuse", "mental injury", or sexual molestation."  More notably, the endorsement goes on to provide: "We will defend any insured accused of such conduct **until our investigation determines that the accusation is correct**."

For the purposes of the limited coverage available by virtue of the Physical Abuse and Sexual Molestation Endorsement, the duty to defend is very limited, and is not open-ended. West Bend's own investigation can, pursuant to the terms of the policy, eliminate the duty to defend as additional facts come out beyond the mere allegations in the complaint(s).  As West Bend is able to investigate the claims and gather knowledge as to the related facts, where there is evidence provided that indicates and supports the underlying claimants' allegations of knowledge (e.g. "knew or should have known"), West Bend is entitled, pursuant to the clear and unambiguous terms of the policy, to terminate any defense being offered under the Physical Abuse and Sexual Molestation Endorsement.

In this case, the allegations are all that NRM and Aneshanesly knew or should have known of Schaitel's inappropriate behavior and failed to act appropriately. These allegations are repeated throughout each complaint and are re-incorporated into each and every cause of action pled. West Bend's investigation has revealed third party information that substantiates the allegations that Aneshanesly and NRM were put on notice by police in 2019 relative to the claims of Jane Doe 4 as to Schaitel's alleged misconduct. As such, for all of the claims except for Jane Doe 4, Aneshanesly and NRM had knowledge of issues with Schaitel, and are barred from any coverage under the West Bend policies. Further, as principal of both NRM and BSP, Aneshanesly's knowledge is attributable to both entities.

Similarly, with respect to the issues of lapses in policy coverage, based solely on the allegations in the Underlying Complaints, only Jane Doe 11's allegations fall within a lapse period. However, investigation is ongoing, and information gathered since that time, including specifics provided by the claimant Jane Doe defendants, is relevant to a final determination as to the potential availability of coverage with respect to certain of the Jane Doe Defendants based on policy effective dates and periods of lapsed coverage.

To that end, West Bend has been providing (and continues to provide) a defense to Aneshanesly, NRM, and BSP pursuant to the policy terms, but has (appropriately) filed this Complaint for Declaratory Judgment in order to seek a declaration by the Court, based on all of the evidence available, in order to terminate that duty to defend as to claims/suits for which there is no available coverage, and to additionally address the duty to indemnify as appropriate. Notably, a declaratory judgment is the only method provided to obtain a declaration of rights and duties under a policy of insurance where there is a dispute, so that an insurer need not continue defending a case which falls outside of the available coverage.

In *Preferred Risk Ins. Co. v. Gill (1987), 30 Ohio St.3d 108, syllabus 1*, the Ohio Supreme Court unambiguously gave insurers the right to bring a declaratory judgment action for the determination of "its duty to defend and/or indemnify its insured in a tort action brought by a third party, even where the underlying tort complaint alleges conduct within the coverage of the contract of insurance." (Also see R.C. § 2721.10 which allows for the determination of an issue of fact in declaratory judgment actions.). *See State Farm Mut. Auto. Ins. Co. v. Knight (5th App. Dist., May 31, 1990), Fairfield App. Case No. 46-CA-89, 1990 Ohio App. LEXIS 2324, at *3-4.* A declaratory judgment action is the proper avenue for an insurer "to demonstrate that the facts alleged in the underlying tort complaint differ from the actual facts ascertained by the insurer, and that the actual facts remove the insured's conduct from coverage." *Id., citing Preferred Risk, supra, at 113*.

Contrary to the arguments of the moving defendants herein, a declaratory judgment action such as the one filed by West Bend, is the very vehicle envisioned by both state and federal courts to be used to seek final resolution of questions of defense and indemnity, beyond the allegations contained in the underlying complaints when additional facts and evidence are available. There is nothing in Ohio law or applicable federal law that obligates an insurer to continue to provide a defense for the duration of a lawsuit when further evidence beyond the bare allegations of a complaint clearly demonstrates that coverage is not applicable to the pending claims. Instead, an insurer is expected to provide a defense if there is a possibility of coverage, until a determination is made (either in the lawsuit at issue or in a declaratory judgment action brough for that specific purpose) that coverage does not apply. That is exactly what West Bend is doing with respect to this declaratory judgment action and the Underlying Litigation.

For these reasons, the Motion to Dismiss of Defendants Aneshanesly, NRM, and BSP under Fed. R. Civ. P. 12(b)(6) for failure to state a claim should be denied.

**B. Jurisdiction under the Declaratory Judgment Act is discretionary, and in this instance the relevant factors all weigh in favor of retaining jurisdiction over this action to resolve the differences as to the relationship, rights, duties, and responsibilities between West Bend and its insureds.**

The Declaratory Judgment Act provides that "In a case of actual controversy within its jurisdiction… , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration…." 28 U.S.C. §2201(a).  While the Court has discretion in accepting jurisdiction over a declaratory judgment action, the Sixth Circuit has set forth five factors (the Grand Trunk factors) that should be considered in determining whether a declaratory judgment is appropriately accepted for determination.  Contrary to the arguments presented by the moving defendants in their Motion to Dismiss herein, those five Grand Trunk factors weigh in favor of this Court retaining jurisdiction.

The Sixth Circuit Court of Appeals, in *United Specialty Ins. Co. v. Cole's Place, Inc. (6th Cir., Aug. 22, 2019), 936 F.3d 386, 2019 U.S. App. LEXIS 25064*, considered the retention of jurisdiction over a declaratory judgment action filed by an insurer against its insured regarding the application of an assault and battery policy exclusion, and ultimately affirmed the district court's decision to retain jurisdiction over that declaratory judgment action.  In applying the five Grand Trunk factors, the Court noted that while the district court should balance the five factors, "we have never indicated" the relative weights of the factors, and that the relative weight of the underlying considerations of efficiency, fairness, and federalism would depend on the facts of the case.  *Id. At 396, 2019 U.S. App. LEXIS 25064 at \*\*14 (and cases cited therein)*.  "The essential question is whether the district court has taken a good look at the issue and engage in a

12

reasoned analysis of whether issuing a declaration would be useful and fair." *Id., citing Scottsdale Ins. Co. v. Flowers (6th Cir., 2008), 513 F.3d 546, 554.*

Applying the five Grand Trunk factors in *United Specialty Inc. Co. v. Cole's Place*, the court noted that a determination by the district court that the first factor (i.e., whether the declaratory judgment action would settle the controversy) is fairly weighed in favor of retaining jurisdiction where there is no proceeding in state court where parallel issues are being litigated. *Id. at 398, 2019 U.S. App. LEXIS 25064 at **17.* The one, and only, live controversy over coverage would be resolved by this declaratory judgment action. The declaratory judgment action would likewise resolve the question of defense and indemnity, settling the legal relationship between the insurer and insureds, even if it does not resolve the rights and liabilities of all parties in the state court litigation on the merits of the claims. *Id. at 398-399, 2019 U.S. App. LEXIS 25064 at **19.* Where suit is filed months after the last state court complaint, absent other evidence, there is no indication of any procedural fencing, so the third factor is, at best, neutral. *Id. at 399, 2019 U.S. App. LEXIS 25064 at **20-21.* The question of potential friction between state and federal courts likewise weighs in favor of retaining jurisdiction, where the issues under consideration are of law and policy interpretation, rather than requiring factual determinations on the merits of the claims which are in pending in the state court. *Id. at 400, 2019 U.S. App. LEXIS 25064 at **22-23.*

How the Grand Trunk factors have been applied in other cases related to insurance coverage issues involving sexual abuse and assault claims is instructive. In *TIG Ins. Co. v. Merryland Childcare & Dev. Ctr., Inc., (W.D. Tenn., Aug. 4, 2005), 2005 U.S. Dist. LEXIS 44721*, the district court applied the 6th Circuit's Grand Trunk factors and found that they weighed in favor of retaining jurisdiction over the declaratory judgment action. In that case,

13

there were multiple state court lawsuits filed, all asserting claims of sexual abuse involve a daycare center.  The separate suits were almost identical in theory and essentially identical in the numerous acts alleged.  Notable, TIG Insurance was NOT a party to any of the state court actions.  *Id. at *4-5.*  The court relied heavily on the Sixth Circuit decision in *Northland Ins. Co. v. Stewart Title Guar. Co. (6th Cir. 2003), 327 F.3d 448*, which noted that the declaratory judgment action would settle the controversy regarding the scope of the insurance coverage issue and the insurer's duty to defend, which "would surely serve a useful purpose in clarifying the legal relations at issue."  *TIG Ins., 2005 U.S. Dist. LEXIS 44721 at *8-9, quoting Northland at 454.*  The first two factors favored the insurer's declaratory judgment action because it would determine the existence of coverage for the wrongs claimed.  *TIG Ins. at *9-10.*  The third factor was found to be at least neutral, as there is no evidence of any "race to res judicata" since the declaratory judgment action was filed well after the state court actions.  *Id. at *10-11.*  The fourth factor likewise supports retaining jurisdiction and denying the motion to dismiss, where the declaratory judgment action is based on contentions that the claims in the underlying suit fall under exclusions of the policy.  *Id. at *11-12.*

The mere fact that there may be some overlap of facts between the this federal declaratory judgment action and the pending state court actions does not, without more, suggest that a federal declaratory judgment action would interfere or encroach on the state court proceedings.  Even with some overlap, the insurer's duty to defend will not be decided by the state court.  *Phila. Indemn. Co. Ins. Co. v. AGCO Corp. (N.D. Ga., July 6, 2011), 2011 U.S. Dist. LEXIS 72367, *10, *13-14.*  "It is rare that an insurance coverage declaratory judgment action does not involve the overlapping facts within the underlying tort action, yet such declaratory

14

judgment actions deciding coverage routinely exist with state court litigation involving liability." *Id. citing Essex Ins. Co. v. Foley (S.D. Ala., Jan. 27, 2011), 2011 U.S. Dist. LEXIS 8170 at *3.*

Where the federal court in a declaratory judgment action need only interpret the language of an insurance contract under state law, with no novel or complex questions of state law, and the overlap of core facts to be resolved in the underlying action is not extensive, the potential for friction or interference with the state court action is low. *Monticello Ins. Co. v. Kentucky River Community Care, Inc. (6th Cir., Apr. 16, 1999), 1999 U.S. Dist. LEXIS 7487 at *7-8* (affirming district court's decision to retain jurisdiction over an insurer's declaratory judgment action in federal court involving issues of coverage available for sexual abuse claims). The Sixth Circuit noted that the coverage issues would not be touched upon in the underlying tort case in state court, and "diversity jurisdiction affords the parties a federal forum even when it involves unresolved issues of state law." *Id. at *9.*

Any determination as to the propriety of retaining jurisdiction over this declaratory judgment action in federal court thus requires analysis of each of the Grand Trunk factors under the facts of this case, in a methodical and logical fashion, much as was done by this very court in *NCMIC Ins. Co. v. Smith (S.D. Ohio, E.D., March 21, 2019), 375 F. Supp. 3d 831, 2019 U.S. Dist. LEXIS 47290.* In *NCMIC Ins. Co. v. Smith*, the District Court for the Southern District of Ohio, Eastern Division considered retention of a declaratory judgment action related to insurance coverage issues arising from claims of assault, battery, and sexual misconduct asserted against a chiropractor and the chiropractic clinic. There were multiple cases pending in state court by multiple patients, alleging numerous incidents of sexual imposition and alleging assault, battery, malpractice, invasion of privacy, false imprisonment, and intentional infliction of emotional distress, among other claims. *Id., 375 F. Supp. 831, 834-835, 2019 U.S. Dist. LEXIS 47290 at*

*\*\*3-4.*  Ultimately, the Court found that the five Grand Trunk factors favored retaining jurisdiction over the declaratory judgment action.  *Id.at 847, 2019 U.S. Dist. LEXIS 47290 at \*37-38.*

### 1.  Factor 1:  Would the declaratory judgment action settle the controversy?

This declaratory judgment action would serve to resolve the insurance coverage dispute related to defense and indemnification, which issues are NOT at issue in the Underlying Litigation in state court.  West Bend, plaintiff herein, is likewise not a party to the Underlying Litigation in state court, and the state court proceedings cannot appropriately consider the insurance issues between the existing parties.  Moreover, the plaintiffs in the Underlying Litigation in state court, Jane Does 1-11, are all parties to the present federal court declaratory judgment action, such that any declaratory judgment action in federal court will be binding on them and eliminate the potential of later post-state court judgment proceedings over available coverage.  As such, the federal court herein can fully settle the insurance coverage controversies without undermining the Underlying Litigation in state court.  *See, NCMIC Ins. Co. v. Smith, 375 F. Supp. at 840, 2019 U.S. Dist. LEXIS 47290 at \*\*17-18.*

### 2.  Factor 2:  Would the declaratory judgment action clarify the legal relations at issue?

This second factor is closely related to the first, and "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue.  *NCMIC Ins. Co. v. Smith, 375 F. Supp. at 841, 2019 U.S. Dist. LEXIS 47290 at \*\*21, citing Scottsdale Ins. Co. v. Flowers (6^{th} Cir., 2008), 513 F.3d 546, 557.*  Generally, it is only necessary that the declaratory judgment action clarify the legal relationship between the insured(s) and the insurer to satisfy the second balancing factor.  *NCMIC Ins. Co. v. Smith, 375 F. Supp. at 842 2019 U.S. Dist. LEXIS 47290 at \*\*21.*  In this case, the pending declaratory judgment action

would clearly clarify the legal relationship between the insured(s) and the insurer, and give guidance to all of the parties, including the underlying plaintiffs who are defendants herein, as to the potential coverage available.

### 3. Would the declaratory judgment action permit "procedural fencing"?

As in NCMIC Ins. Co. v. Smith, West Bend, Plaintiff herein, was faced with multiple state court proceedings, multiple plaintiffs, and even multiple potential insureds.  A federal court declaratory judgment action involving all of the interested parties is the most efficient, quick, and economical method to achieve resolution of the legal relations between West Bend and its insured(s).  There is no "rush to judgment" or "rush to res judicata" as West Bend did not initiate any duplicative proceedings, and waited until months after the last state court complaint to file its complaint for declaratory judgment action in federal court.  The Underlying Litigation in state court does not involve any of the coverage issues relative to defense and indemnity that are at issue with the interpretation and application of the policy terms and provisions sought in this declaratory judgment action.  Indeed, West Bend is not a party to any of the Underlying Litigation in state court, and is not seeking any determination as to the merits of liability on the underlying claims in the action herein.  *See, e.g. NCMIC Ins. Co. v. Smith, 375 F. Supp. at 842, 2019 U.S. Dist. LEXIS 47290 at **22-26.*

### 4. Would the declaratory judgment action create friction with the state court?

There are 3 subfactors to consider in conjunction with this factor:  whether the underlying factual issues are important to an informed resolution of the case, whether the state trial court is in a better position to evaluate those factual issues, and whether there is a close nexus between the underlying factual issues and state law and/or public policy.  *NCMIC Ins. Co. v. Smith, 375 F. Supp. at 843, 2019 U.S. Dist. LEXIS 47290 at **26, citing Scottsdale Ins. CO. v. Roumph (6th*

17

*Cir. 2000), 211 F.3d 964, 968.*  While there are some overlapping facts, the issues for this declaratory judgment action can primarily be determined as a matter of law, as they involve matters of contractual interpretation.  The mere fact that state law will be applied to the interpretation of the insurance contract does not obviate against jurisdiction, and in this case no state law nor policy would be frustrated by the exercise of federal court jurisdiction, as the court would be applying relatively settled state law.  Notably, where, as in this case, the insurance company is "not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court... a decision by the district court on these issues would not offend principles of comity."  *NCMIC Ins. Co. v. Smith, 375 F. Supp. at 845, 2019 U.S. Dist. LEXIS 47290 at **31, citing Northland Ins. Co. v. Stewart Title Guar. Co. (6th Cir. 2003), 327 F.3d 448, 454.*  Finally, the coverage questions at issue herein are tied to the interpretation of basic insurance policy provisions and do not implicate closely overarching public policies of the State of Ohio.  Even Ohio public policy is involved, and this third subfactor could be deemed to favor the moving defendants herein on this issue, it is outweighed by the other two subfactors, such that the fourth Grand Trunk factor also weighs in favor of retaining jurisdiction herein.  *See, e.g. NCMIC Ins. Co. v. Smith, 375 F. Supp. at 846, 2019 U.S. Dist. LEXIS 47290 at **34-35.*

**5.  Is there an alternative remedy?**

There is no indication that any alternative remedy in state court would be better or more effective. While a state court declaratory judgment action may be possible under the Ohio Declaratory Judgment Act, 6th Circuit precedent is split regarding whether the possibility of a state court declaratory judgment action is better, more effective, or counsels against the district court exercising jurisdiction.  *See NCMIC Ins. Co. v. Smith, 375 F. Supp. at 847, 2019 U.S. Dist.*

*LEXIS 47290 at \*\*36, citing Scottsdale Ins. Co. v. Flowers*, 513 F.3d at 562. This particular inquiry is fact-specific, involving consideration of the entire package of options available. *Id*. In the instant case, West Bend is faced with providing defense to multiple defendants in multiple lawsuits in state court for matters which may not be covered at all, and the federal court action will allow for determination of these coverage issues in a single action in the most efficient and expedient manner possible. At best, this final factor may be neutral.

     **6.  Balancing the *Grand Trunk* factors**.

     As in *NCMIC Ins. Co. v. Smith, supra*, and other cases cited herein involving similar situations related to insurance coverage declaratory judgment actions for claims involving multiple underlying claims of sexual abuse or assault, the *Grand Trunk* factors weigh in favor of retaining jurisdiction and against dismissal.

<u>**CONCLUSION**</u>

     For all of the reasons outlined above, Plaintiff West Bend Mutual Insurance Company submits that the Motion to Dismiss filed on behalf of Defendants Hollie Aneshanesly, Natural Remedies Massage, LLC, and Broad St. Property, LLC should be denied. West Bend's Complaint herein is not subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, because it has specifically sought this declaratory judgment action to finally determine the coverage issues that exist with respect to its duty to defend and indemnify under the applicable policies, as provided by federal and Ohio law.

     Additionally, careful analysis of the Grand Trunk factors with respect to the discretionary federal court jurisdiction under the Declaratory Judgment Act favor retaining jurisdiction over this action, in order to provide guidance and clarification to the parties herein as to the insurance

19

coverage available, as the coverage issues are not pending in the state court proceedings, West Bend is not a party to those state court proceedings, and this federal action includes all of the interested parties, including the underlying plaintiffs, such that all would be bound by the determinations of this court as to coverage.

The Motion to Dismiss should be appropriately denied.

Respectfully Submitted,

*/s/ Christine Carey Steele*
CHRISTINE CAREY STEELE (0055288)
JOHN C. SCOTT (0029518)
*Attorneys for West Bend Mutual Insurance Company*
FAULKNER & TEPE, LLP
720 East Pete Rose Way, Suite 300
Cincinnati, Ohio 45202
Telephone: (513) 421-7500
Facsimile: (513) 421-7502
Email: csteele@faulkner-tepe.com
           jscott@faulkner-tepe.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system, upon any opposing counsel and all parties not represented by counsel in the above-captioned matter by email and/or ordinary mail this 6th day of January, 2023.

*/s/ Christine Carey Steele*
CHRISTINE CAREY STEELE (0055288)
JOHN C. SCOTT (0029518)
*Attorneys for West Bend Mutual Insurance Company*
FAULKNER & TEPE, LLP
720 East Pete Rose Way, Suite 300
Cincinnati, Ohio 45202
Telephone: (513) 421-7500
Facsimile: (513) 421-7502
Email: csteele@faulkner-tepe.com
           jscott@faulkner-tepe.com