IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

WEST BEND MUTUAL INSURANCE :
COMPANY

          :  Case No. 2:22-cv-3578
   Plaintiff,

          :  **Defendants' Reply to West Bend's**
Vs.           **Response in Opposition to Motion**
          :  **to Dismiss**

NATURAL REMEDIES MASSAGE,
LLC, et al.,        :  Judge Edmund A. Sargus, Jr.

   Defendants.     :

  Now come defendants, Hollie Aneshansley; Natural Remedies Massage, LLC; and Broad

St Property, LLC, and submit the attached reply to West Bend's Response in Opposition to Motion

to Dismiss.

             Respectfully Submitted,

             Ryan Shepler (Reg. #0087771)
             9 E. Second St.
             P.O. Box 588
             Logan, Ohio  43138-0588
             Telephone: (740) 385-2121
             rjs@savingandshepler.com
             Attorney for Hollie Aneshansley, Natural
             Remedies Massage, LLC, and Broad St
             Property, LLC

### Reply Memorandum

## I.  INTRODUCTION

  As plaintiff states, defendants did not clearly articulate the distinction between the duty of

defense and the duty of indemnification in its Motion to Dismiss, nor did defendants clearly

articulate the differences between the Natural Remedies Massage and the Broad Street Property

policies.  Clarification of these arguments, with a reply to defendants' Motion to Dismiss, follows.

## II. REPLY AS TO DEFENDANTS' CIV. R. 12(B)(6) MOTION TO DISMISS

### A. West Bend's Response Fails to Appropriately Address Ohio Law as It Applies to an Insurer's Duty to Defend.

In its reply, West Bend sites the following language as its justification in its attempt to deny defense coverage: "We will defend any insured accused of such conduct until our investigation determines that the accusation is correct." *(ECF #25, p. 5)*. West Bend then claims that this provision provides justification for its right to file a declaratory judgment action in federal court:

> For purposes of the limited coverage available by virtue of the Physical Abuse and Sexual Molestation Endorsement, the duty to defend is very limited, and is not open-ended. West Bend's own investigation can, pursuant to the terms of the policy, eliminate the duty to defend as additional facts come out beyond the mere allegations in the complaint(s). As West Bend is able to investigate the claims and gather knowledge as to the related facts, where there is evidence provided that indicates and supports the underlying claimants' allegations of knowledge (e.g. 'knew or should have known'), West Bend is entitled, pursuant to the clear and unambiguous terms of the policy, to terminate any defense being offered under the Physical Abuse and Sexual Molestation Endorsement.

*(ECF #25, p. 9)*. West Bend then continues:

> Contrary to the arguments of the moving defendants, herein, a declaratory judgment action such as the one filed by West Bend, is the very vehicle envisioned by both state and federal courts used to seek final resolution of questions of defense and indemnity, beyond the allegations contained in the underlying complaints when additional facts and evidence are available. There is nothing in Ohio law or applicable federal law that obligates an insurer to continue to provide a defense for the duration of the lawsuit when further evidence beyond the bare allegations of a complaint clearly demonstrates that coverage is not applicable to the pending claims.

*(ECF #25, p. 11)*.

In the abstract, West Bend is correct. An insurer obviously has no duty to defend where "coverage is not applicable to the pending *claims*" (meaning, all the claims). *(ECF #25, p. 11)* (emphasis added). Where a duty exists as to one claim, however, a duty exists as to all claims.

As cited in defendants' Motion to Dismiss, Ohio law, which is the substantive law of this case, requires a defense of all claims where one claim is within policy coverage:

> An insurer's duty to defend is broader than and distinct from its duty to indemnify. An insurer has an absolute duty to defend an action when the complaint contains an allegation in any one of its claims that could arguably be covered by the insurance policy, even in part and even if the allegations are groundless, false, or fraudulent. Once an insurer must defend one claim within a complaint, it must defend the insured on all the other claims within the complaint, even if they bear no relation to the insurance-policy coverage.

*Sharonville v. Am. Employers Ins. Co.*, 109 Ohio St.3d 186, 846 N.E.2d 833, 2006-Ohio-2180, para. 13. The *Sharonville* case itself concerns a declaratory judgment action. In *Sharonville*, various plaintiffs alleged federal civil rights violations, state law conspiracy, spoliation of evidence, and intentional infliction of emotional distress. *Id.* at 187. The defendants, including the City of Sharonville, filed for declaratory judgment against their insurers as to defense and indemnity. *Id.* at 187. In requiring defense of all claims, including the intentional tort claims, the Ohio Supreme Court set a high standard: "[A]ny one of its claims that could arguably be covered." *Id.* at 186.

Applying this controlling decision of the Ohio Supreme Court, West Bend has a clear duty to defend, at minimum, Hollie Aneshansley and Natural Remedies Massage. Based upon the allegations of the complaint, defendants Aneshansley and Natural Remedies Massage did not know and could not have known about any alleged sexual misconduct before the first incident of alleged misconduct. West Bend claims that

> [I]t has been providing (and continues to provide) a defense to Aneshansley, NRM, and BSP pursuant to the policy terms, but has (appropriately) filed this Complaint for Declaratory Judgment in order to seek a declaration by the Court, based on all of the evidence available, in order to terminate that duty to defend as to claims/suits for which there is no available coverage, and to additionally address the duty to indemnify as appropriate.

*(ECF #25, p. 10).* The problem with this argument is that, under Ohio law and based upon the allegations in its own complaint, West Bend has an obligation as a matter of law to defend *all* the claims, because there is indisputably coverage for *one* of the claims.

### B. Defendants concede that the scope of an insurer's duty to indemnify is narrower than and distinct from its duty to defend.

In their Motion to Dismiss, defendants concede that they did not clearly distinguish between the duty of defense and the duty of indemnification. As stated above, an insurer has a duty to defend if any one claim falls within policy coverage. This is not true of the duty of indemnification, which is dependent upon whether evidence establishes that the individual claims are actually covered. As such, defendants concede that, as to the duty of indemnification, dismissal of claims is not appropriate pursuant to Civ.R. 12(B)(6) based solely upon the allegations in West Bend's complaint. However, as stated in its Motion to Dismiss and further argued below, the Court should decline jurisdiction pursuant to the Declaratory Judgment Act.

### C. Defendants concede that West Bend has stated a claim upon which relief could ge granted as to Broad Street Property, LLC.

As noted in West Bend's Response, the Broad Street Property policies do not contain the Physical Abuse and Sexual Molestation Endorsement. Instead, the policies contain a specific exclusion relating to this conduct. For these reasons, dismissal *pursuant to Civ. R. 12(B)(6), only*, is not appropriate as to Broad Street Property. But as stated in its Motion to Dismiss and further argued below, the Court should also decline jurisdiction over these claims pursuant to the Declaratory Judgment Act.

## III. REPLY AS TO THE EXERCISE OF JURISDICTION UNDER THE DECLARATORY JUDGMENT ACT

In its reply, West Bend understates the factual intricacies of the state court litigation in an attempt to characterize this pending litigation as relating to coverage, only. Unfortunately, the

coverage issues present here are identical to the factual issues dictating defendants' liability in state court.

> West Bend states:
>
> The mere fact that there may be some overlap of facts between…this federal declaratory judgment action and the pending state court actions does not, without more, suggest that a federal declaratory judgment action would interfere or encroach on the state court proceedings.
> ….
> Where the federal court in a declaratory judgment action need only interpret the language of an insurance contract under state law, with no novel or complex questions of state law, and the overlap of core facts to be resolved in the underlying action is not extensive, the potential for friction or interference with the state court action is low.

*(ECF #25, p. 15).* Here, the "overlap of core facts to be resolved in the underlying action" *is* extensive.

Again, the case involves eleven instances of misconduct, allegedly committed by Defendant Schaitel, by eleven separate Jane Does. The case further involves issues as to whether whether Mr. Schaitel was an employee or independent contractor under state law, whether Defendants Aneshansley and Natural Remedies Massage knew or should have known of Mr. Schaitel's alleged misconduct, and whether Defendants Aneshansley and Natural Remedies Massage negligently retained Mr. Schaitel. In the state court litigation, Defendants Aneshansley and Natural Remedies Massage claim that they acted reasonably at all relevant times and that they terminated Mr. Schaitel, an independent contractor, immediately upon receiving a credible claim of sexual misconduct.

To illustrate the contested nature of these issues, the state court litigation is currently scheduled for four days of depositions (which began the day prior to this filing) of the eleven Jane Does. This will likely be followed by several days of depositions of Defendants Aneshansley and Schaitel. The case is further mired in significant discovery disputes, including months-long

arguments relating to the scope of a protective order. If not settled, the state court litigation is destined for a multi-week jury trial, in which extensive evidence of the Jane Does alleged claims will likely be presented, along with additional extensive evidence of the contractual relationship among Defendants Aneshansley, Natural Remedies Massage, and Schaitel.

All these contested factual issues are critical to coverage determinations. Because Defendants Aneshansley and Natural Remedies Massage obtained and paid premiums for the Physical Abuse and Sexual Molestation Endorsement, these claims are covered *unless* defendants negligently retained Mr. Schaitel. And regardless of whether Defendants Aneshansley and Natural Remedies Massage negligently retained Mr. Schaitel, because at least one of the claims is within the scope of the policy, all of the claims must be provided with a defense.

The ultimate coverage determination—or, as West Bend seems to suggest, a simple matter of contract interpretation—cannot take place without resolution of the underlying disputed facts. Accepting jurisdiction of this case and permitting federal court litigation to proceed is inviting duplication of the currently pending state court morass.

## III. CONCLUSION

Based upon the foregoing, defendants, Hollie Aneshansley and Natural Remedies Massage, LLC, move the Court to dismiss West Bend's complaint for failure to state a claim as to its duty to indemnify said defendants. Defendants, Hollie Aneshansley, Natural Remedies Massage, LLC, and Broad Street Property, LLC, further move the Court to decline jurisdiction and to dismiss all claims pursuant to the Declaratory Judgment Act.

[*signature page follows*]

Respectfully Submitted,

Ryan Shepler (Reg. #0087771)
Attorney for Hollie Aneshansley, Natural
Remedies Massage, LLC, and Broad St
Property, LLC

## CERTIFICATE OF SERVICE

The undersigned, Attorney at Law, certifies that a true copy of the foregoing document was served upon all opposing counsel or upon all parties not represented by counsel in the above-entitled case by email on the 20th day of January, 2023.

Ryan Shepler (Reg. #0087771)
Attorney for Hollie Aneshansley, Natural
Remedies Massage, LLC, and Broad St
Property, LLC