UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

**WEST BEND MUTUAL INSURANCE COMPANY,**

    **Plaintiff,**

    v.

**Case No. 2:22-cv-3578**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

**NATURAL REMEDIES MASSAGE, LLC, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter arises on Defendants' Hollie Aneshanesly, Broad St Property LLC, Natural Remedies Massage, LLC's Motion to Dismiss. (ECF No. 19.) For the reasons stated below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.  Background

In June of 2021, Jane Doe's 1–3 filed suit against Hollie Aneshanesly, Broad St Property LLC (BSP), Natural Remedies Massage, LLC (NRM), and Matthew Schaitel. (Underlying State Court Complaint, ECF No. 1, Exhibit G.) The Does alleged sexual abuse by Schaitel, and that the other defendants were negligent. (*Id*., at 2.) The Does accused Aneshanesly, BSP, and NRM of negligence for failing to stop abuse they were aware of and in a position to prevent. (Underlying State Court Complaint, ECF No. 1, Exhibit G, at 13–18.) Five months later, Jane Doe's 4–8 made similar claims against Aneshanesly, BSP, NRM, and Schaitel. (Underlying State Court Complaint 2, *Id*., Exhibit H.) This complaint was later amended to include Jane Doe's 9–11. (Underlying State Court Complaint 3, *Id*., Exhibit I.) Pursuant to their insurance contract, West Bend Mutual Insurance Company stepped in to defend Aneshanesly, BSP, NRM, and Schaitel. (ECF No. 1.)

On October 5, 2022, Plaintiff West Bend Mutual Insurance filed a complaint in the Southern District of Ohio against Defendants NRM, BSP, Hollie Aneshanesly, Matthew Schaitel, and Jane Doe's 1–11. (ECF No. 1.) Plaintiff sought Declaratory Judgment. Specifically, Plaintiff asked this Court to declare it had "no duty to defend or indemnify" Defendants NRM, BSP, Schaitel and Aneshanesly from Jane Doe's 1–11 suits, stemming from Matthew Schaitel's sexual abuse.

Defendants Natural Remedies Massage, LLC, Broad St Property LLC, and Hollie Aneshanesly filed the instant Motion to Dismiss on December 2, 2022. (ECF No. 19.) Plaintiff responded on January 6, 2022. (ECF No. 25.) This filing was followed by Defendants' reply on January 20, 2022. (ECF No. 30.)

**II.     Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged." *Id.* at 678 (clarifying plausibility standard articulated in *Twombly*). Further, "[a]lthough for purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

2

Courts are usually barred from taking judicial notice of facts when considering motions to dismiss under Fed. R. Civ. P. 12(b). "The district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citing 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 2000)). However, "on a motion to dismiss, we may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Winget v. JP Morgan Chase Bank*, N.A., 537 F.3d 565, 576 (6th Cir. 2008). Further, "a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010). Additionally, both Plaintiff and Defendants relied extensively upon complaints underlying state court litigation in their briefing. (ECF No. 19); (ECF No. 25); (ECF No. 30.) Given the settled precedent and the parties' use of the complaints, this Court takes judicial notice of all these underlying complaints against Defendants. (ECF No. 1, Exhibits G, H, I.)

### III.  Analysis

Defendants request the Court dismiss Plaintiff's complaint in full, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 19, at 1.) Plaintiff argues against dismissal. (ECF No. 25, at 1.) The Court concurs with Defendant in part and Plaintiff in part.

#### a. Dismissal

As a threshold matter, the Court denies Defendant's original request to dismiss Plaintiff's complaint against them in full. (ECF No. 19, at 1.) Defendants, in their Reply, acknowledge, "as to the duty of indemnification, dismissal of claims is not appropriate pursuant to Civ.R. 12(B)(6) based solely upon the allegations in West Bend's complaint." (ECF No. 30, at 4.)

3

Defendants further concede that "dismissal pursuant to Civ. R. 12(B)(6), only, is not appropriate as to Broad Street Property." (*Id*.)  With these concessions, Defendants seek only to dismiss Counts I (Natural Remedies) and III (Hollie Aneshanesley), to the extent that they seek to eliminate Plaintiff's duty to defend.

In Ohio, the duty to defend is broader than that of indemnification. This Court acknowledged the breadth of the duty in *NCMIC Ins. Co. v. Smith*.  There, we summarized the state of the law as follows:

> "The duty of an insurer to defend is separate and distinct from the duty to indemnify." *M/G Transport Services, Inc. v. Water Quality Ins. Syndicate*, 234 F.3d 974, 979 (6th Cir. 2000) (citing *Lessak v. Metropolitan Casualty Ins. Co. of New York*, 168 Ohio St. 153, 151 N.E.2d 730 (1958)). Under Ohio law, "whether an insurer has a duty to defend an action against an insured is initially determined by the scope of the pleadings." *Id.* at 977 (See *City of Willoughby Hills v. Cincinnati Insurance Co.*, 9 Ohio St. 3d 177, 179, 9 Ohio B. 463, 459 N.E.2d 555 (1984)). Thus, an insurer's duty to defend is not triggered by its actual legal liability. Rather, "[t]he duty attaches whenever the complaint states a covered claim, or potentially or arguably does so." *Id*. (emphasis in original). See also *Twin Maples Veterinary Hospital Inc. v. Cincinnati Ins. Co.*, 159 Ohio App. 3d 590, 594, 2005- Ohio 430, 824 N.E.2d 1027 (Ohio App. Ct. 2005) (*quoting Cincinnati Ins. Co. v. Anders*, 99 Ohio St. 3d 156, 2003- Ohio 3048, 789 N.E.2d 1094 (2003)).
>
> "If none of the claims in the complaint against the insured are potentially or arguably within the scope of the insurance policy, then the insurer has no duty to defend the insured." *Insurance Co. of State of Pennsylvania v. Vimas Painting Co., Inc.*, No 4:06-CV-1048, 2007 U.S. Dist. LEXIS 34401, 2007 WL 1412988, at *8 (N.D. Ohio May 10, 2007) (citing *Wedge Products v. Hartford Equity Sales Co.*, 31 Ohio St. 3d 65, 31 Ohio B. 180, 509 N.E.2d 74 (1987)). However, once a court determines the insurer must defend one claim within a complaint, "it must defend the entire lawsuit, even though other claims may not come within the coverage of the policy." *Holloway Sportswear, Inc. v. Transportation Ins. Co.*, 177 F. Supp. 2d 764, 769 (S.D. Ohio 2001) (citing *Preferred Mutual Ins. Co. v. Thompson*, 23 Ohio St. 3d 78, 23 Ohio B. 208, 491 N.E.2d 688 (1986)).

*NCMIC Ins. Co. v. Smith*, 389 F. Supp. 3d 535 (S.D. Ohio 2019)

Both the remaining Defendants are purportedly covered by the same insurance policy with Plaintiff. (ECF No 19, at 3.);(ECF No. 25, at 4–5.) The relevant portion of the insurance agreement between the parties is as follows:

> PHYSICAL ABUSE AND SEXUAL MOLESTATION ENDORSEMENT
> This endorsement modifies insurance provided under the following:
> BUSINESSOWNERS POLICY
> A. Coverage
> 1. Insuring Agreement
> We will pay those sums the insured becomes legally obligated to pay as damages because of "physical abuse", "mental injury" or "sexual molestation" arising out of the negligent:
> (a) employment;
> (b) investigation;
> (c) supervision;
> (d) reporting to the proper authorities, or failure to so report; or
> (e) retention of any person for whom the insured is legally responsible.
> 2. Exclusions
> This insurance does not apply to any person who:
> (a) committed or attempted to commit;
> (b) participated in;
> (c) directed;
> (d) knowingly allowed; or
> (e) failed to take action to prevent recurrence after having knowledge of any act of "physical abuse", "mental injury", or sexual molestation. We will defend any insured accused of such conduct until our investigation determines that the accusation is correct.
> ***
> C. Definitions:
> 1. "Sexual molestation" means any actual or alleged act, touching, or caressing or suggestion thereof which could be considered sexual and/ or inappropriate.
> * * *
> All other terms, conditions and exclusions remain unchanged and applicable to this endorsement.

(Insurance Policy, ECF No. 1, Exhibits A, at 82.)

As Defendants note, Plaintiff's complaint "essentially raises two issues in support of its allegation that it need not defend the [state court] complaint: first, that defendants' alleged conduct is excluded under the 'Physical Abuse and Sexual Molestation Liability Endorsement;' and second, that certain defendants allege acts committed during a policy lapse." (ECF No. 19,

5

at 6.) Defendants argue that Plaintiff's claim is subject to dismissal because at least one claim is covered by the parties' insurance agreement. As a claim is indisputably covered, Defendants argue, Plaintiff must defend against all claims. (ECF No. 19, at 6.)

Plaintiff, in its Response, maintains that the insurance contract and its investigation into the incident eliminated its duty to defend. "West Bend's own investigation can, pursuant to the terms of the policy, eliminate the duty to defend as additional facts come out beyond the mere allegations in the complaint(s)." (ECF No. 25, at 9.) For support, Plaintiff points out that section (A)(2)(e) of the insurance contract states "[w]e will defend any insured accused of such conduct until our investigation determines that the accusation is correct." (Insurance Contract, ECF No. A–D, at 83.) Plaintiff also avers that such an investigation was conducted, and that it found the accusation against Defendants to be correct. (ECF No. 25, at 10.) "West Bend's investigation has revealed third party information that substantiates the allegations that Aneshanesly and NRM were put on notice by police in 2019 relative to the claims of Jane Doe 4 as to Schaitel's alleged misconduct." (*Id.*) It also argues that the sexual abuse of Jane Doe 11 occurred during a policy lapse. (*Id.*)

The allegations in the underlying complaints are that the instant Defendants acted negligently. (Complaint, ECF No. 1, Exhibits G, H, I.). Given the nature of these pleadings, Plaintiff is obliged to defend them, unless exception (A)(2)(e) applies. (Complaint, ECF No. 1, Exhibits A, at 82.) Plaintiff, in its Response, argues that it does, that Defendants "knew or should have known" about Schaitel's inappropriate behavior. (ECF No. 25, at 9.); (Complaint, ECF No. 1, at 8.) As Plaintiff has alleged that Defendants had knowledge of Schiatel's behavior, and failed to take action, it has come close to making a plausible claim.

6

Yet, Plaintiff's complaint does not actually mention this investigation, or state that Defendants knew or should have known about Schaitel. Instead, it reads "To the extent that NRM had any prior or ongoing knowledge of other or recurrent complaints and/or allegations about Matthew Schaitel, as alleged by the Underlying Plaintiffs in the Underlying Complaints (Defendants, Janes Does 1-11 herein), any alleged actions and/or inactions by NRM would not constitute an 'occurrence' and would be additionally be excluded by the 'expected or intended injury' exclusion."[1] (Complaint ECF No. 1, at 13.) Further, as Defendants point out, judging by the underlying pleadings, it would have been impossible for Defendants to have knowledge of some of Schaitel's behavior. The complaints show that "at least three of the claims-Jane Doe Four, Jane Doe Five, and Jane Doe Six (who made the first allegation)-allegedly occurred before Ms. Aneshansley had notice of Mr. Schaitel's alleged action." (ECF No. 19, at 8.); (ECF No. 1, Exhibits G, H, I.)

Adding to the impossibility of Plaintiff's claim, the underlying complaints claim that Jane Doe Six was assaulted before Jane Doe Four. (Underlying State Court Complaint 2, ECF No. 1, Exhibit H, at 5, 9.) As such, while Defendants may have been "put on notice by police in 2019 relative to the claims of Jane Doe 4 as to Schaitel's alleged misconduct," they were not put on notice as to Jane Doe Six's claims. (ECF No. 25, at 10.) Defendant has not, in its complaint or its Response, argued that Jane Doe Six's claim occurred during a policy lapse. Further, there must have been a first incident with Schaitel. Logically, Defendants could not have been on notice of the first incident. And Plaintiff has not alleged that this first incident occurred during a policy lapse. As there is at least one indisputable incident in which Defendants were not on notice to Schaitel's behavior, Plaintiff "must defend the entire lawsuit, even though other claims

---

[1] Plaintiff also states the same about Hollie Aneshanesley. (Complaint ECF No. 1, at 14.)

7

may not come within the coverage of the policy." *Holloway Sportswear, Inc. v. Transportation Ins. Co.*, 177 F. Supp. 2d 764, 769 (S.D. Ohio 2001).

### b. Declaratory Judgment

The parties dispute whether the Court should exercise judgment in this case. The Declaratory Judgment Act, 28 U.S.C.S. § 2201, gives federal courts the jurisdiction and discretion to declare the rights of litigants under certain conditions. Courts have jurisdiction when there is "an actual controversy, the resolution of which will confer certain rights or status upon the litigants." *Corron v. Corron*, 40 Ohio St.3d 75, 79, 531 N.E.2d 708 (1988). However, the act is unique in that it gives courts "substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). This discretion is such that "although the District Court has jurisdiction of the suit under the Federal Declaratory Judgments Act, it is under no compulsion to exercise that discretion." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942). "In this circuit, a district court's discretion is not unfettered, however." *U.S. Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 F. Appx 562, 563 (6th Cir. 2006). Courts weigh five factors before exercising their discretion. These factors are as follow:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Id.*, at 564 (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.,* 746 F.2d 323 (6th Cir. 1984).

Here, the parties dispute most of the five factors. The Court will take each one at a time.

8

### i. Settle the Controversy

The first factor courts must consider is "whether the judgment would settle the controversy." *Grand Truck*, 746 F.2d at 326. Defendants "concede that a declaratory judgment would settle the controversy (or, at least, certain portions of the controversy)." (ECF No. 19, at 9.) Further, as Plaintiff notes, this declaratory judgment action was brought to "resolve the insurance coverage dispute related to defense and indemnification, which issues are NOT at issue in the Underlying Litigation in state court." (ECF No. 25, at 16.) This factor weighs in favor of exercising jurisdiction.

### ii. Useful Purpose

Courts must next consider "whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue." *Grand Truck*, 746 F.2d at 326. Defendants argue "a declaratory judgment would not clarify issues between the parties" because "the primary litigation involves numerous state law claims, the resolution of which are necessary for determination of the declaratory judgment action." (ECF No. 19, at 9–10.) They elaborate, stating that the "[r]esolution of the state law claims would clarify the relationship between plaintiff and defendants, but resolution of the declaratory judgment would not clarify the relationship between defendants Aneshansley, Natural Remedies Massage, and Broad Street and the Jane Does." (*Id.*, at 10.) Plaintiff argues "the pending declaratory judgment action would clearly clarify the legal relationship between the insured(s) and the insurer, and give guidance to all of the parties, including the underlying plaintiffs who are defendants herein, as to the potential coverage available. (ECF No. 25, at 16–17.) The Court agrees with Plaintiff. As this Court has noted, "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue. *NCMIC Ins. Co. v. Smith*, 375 F.

9

Supp. 3d 831, 841 (S.D. Ohio 2019) *citing Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008). A grant or denial of declaratory judgment here would clarify the legal relationship between Plaintiff and Defendants. This factor weighs in favor of exercising jurisdiction.

### iii. Procedural Fencing

The third question courts must ask is "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata.'" *Grand Truck*, 746 F.2d at 326. Defendants state that the "third factor. . . . does not apply here." (ECF No. 19, at 10.) Plaintiff argues "A federal court declaratory judgment action involving all of the interested parties is the most efficient, quick, and economical method to achieve resolution of the legal relations between West Bend and its insured(s)." (ECF No. 25, at 17.) Plaintiff continues, averring that "[t]he Underlying Litigation in state court does not involve any of the coverage issues relative to defense and indemnity that are at issue with the interpretation and application of the policy terms and provisions sought in this declaratory judgment action. Indeed, West Bend is not a party to any of the Underlying Litigation in state court, and is not seeking any determination as to the merits of liability on the underlying claims in the action herein." (*Id.*) Defendants do not reply to this argument. (ECF No. 30.) The Court concurs with Plaintiff. This factor weighs in favor of exercising jurisdiction.

### iv. Friction Between State and Federal Courts

The fourth factor this Court faces is "whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction." *Grand Truck*, 746 F.2d at 326. This factor has three subfactors. These are:

> (1) [W]hether the underlying factual issues are important to an informed resolution of the case; (2) whether the state court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy,

10

> or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019).

Defendants maintain the "fourth *Grand Trunk* factor weighs heavily against the exercise of jurisdiction." (ECF No. 19, at 10.) They explain that because the "[r]esolution of the underlying factual issues is strictly necessary to rule on the plaintiffs liability to defend or indemnify" "[p]ermitting this case to proceed in federal court will simply result in parallel litigation over the same state law issues." (*Id.*) Defendants note that the underlying state proceedings involve numerous points of contested fact. Given these disagreements, they contend that "[t]he ultimate coverage determination-or, as West Bend seems to suggest, a simple matter of contract interpretation-cannot take place without resolution of the underlying disputed facts." (ECF No. 30, at 6.) Plaintiff acknowledges that there are "some overlapping facts" between this action and the state-law suits but maintains that "the issues for this declaratory judgment action can primarily be determined as a matter of law, as they involve matters of contractual interpretation." (ECF No. 25, 18.) The Court agrees with Plaintiff.

The three subfactors weigh in favor of the exercise of jurisdiction. First, establishing the legal rights and duties of the insured is important to any settlement in the state court. Second, this specific issue is not before the state court, so it is not currently in a better position to evaluate the relevant insurance contracts. And third, the issue here is one of coverage. The Court dealt with this exact issue in *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831 (S.D. Ohio 2019). There, the Court noted that:

> The Sixth Circuit "generally consider[s] state courts to be in a better position to evaluate novel questions of state law." *Flowers*, 513 F.3d at 560. Citing *Travelers*, 495 F.3d at 272. "For the federal courts to preempt the right of the state court to rule on a previously undetermined question of state law, more must be present than the desire of the insurance company to avoid the possibility of an unfavorable ruling in state court by convincing a federal judge to rule first.' *Omaha Property and*

11

> *Casualty Insurance Co. v. Johnson*, 923 F.2d 446, 448 (6th Cir. 2013). However, district courts should not "always turn away" a declaratory judgment action when an undetermined question of state law is presented. *Scottsdale*, 211 F.3d at 969. Notably, the Sixth Circuit has stated that this consideration has "less force when the state law is clear and when the state court is not considering the issues." *Flowers*, 513 F.3d at 560. As correctly noted by Plaintiff, when an insurance company is "not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court ... a decision by the district court on these issues would not offend principles of comity." *Northland*, 327 F.3d at 454.
> *Id.*

Here, the West Bend Mutual Insurance Company is not a party to the state Court proceedings and its obligation to defend is not before the state Court. A decision by this Court will not offend the principles of comity. The issues in the state and federal cases do not appear so intertwined that this Court should refrain from exercising judgment.

### v. Alternative Remedy

The last question this Court must answer is "whether there is an alternative remedy which is better or more effective." *Grand Truck*, 746 F.2d at 326. Defendants contend this factor weighs against the exercise of jurisdiction because "[i]f plaintiff seeks a declaratory judgment to absolve it of responsibility to provide a defense, it can seek leave to intervene in the Fairfield County litigation. This allows all claims by all parties to be resolved in the same, state court litigation, which has been pending since June 2021." (ECF No. 19, at 11.) Plaintiff counters, responding that "[t]here is no indication that any alternative remedy in state court would be better or more effective." (ECF No. 25, at 18.) Plaintiff also points out that this Court has previously acknowledged that "6th Circuit precedent is split regarding whether the possibility of a state court declaratory judgment action is better, more effective, or counsels against the district court exercising jurisdiction." (*Id.*) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 562 (6th

12

Cir. 2008)).  The Court agrees with Plaintiff.  This Court finds no reason why a state court would be better or more effective at addressing this question of contract interpretation.

### vi. Balancing the Grand Truck Factors

On balance, the Grand Truck factors favor the exercise of jurisdiction.  All factors, with the possible exception of the fourth and fifth, point toward exercising jurisdiction.  These last two factors are neutral.  Given this favorable balance, the Court finds that exercising federal subject matter jurisdiction is appropriate.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss.  (ECF No. 19.)  Plaintiff's complaint is dismissed to the extent that it requests the Court declare that West Bend Mutual Insurance Company has no duty to defend Defendants Aneshanesly and Natural Remedies Massage.  This case is to remain open.

**IT IS SO ORDERED.**

**9/6/2023**                                                                                      s/Edmund A. Sargus, Jr.  
**DATE**                                                                                           **EDMUND A. SARGUS, JR.**  
                                                                                                **UNITED STATES DISTRICT JUDGE**